## ATLAS v. RED ROCK SPRING WATER CO.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

WORK AND LABOR (§ 29*) — AMOUNT OF COMPENSATION — EVIDENCE — SUFFICIENCY.

In an action for labor performed, evidence *held* to establish the amount due at a sum less than that found by the trial court, necessitating a reversal of the judgment and new trial, unless plaintiff will accept the lesser amount.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 56–58; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Rubin Atlas against the Red Rock Spring Water Company. From a judgment for plaintiff, defendant appeals. Conditionally modified and affirmed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Sanford H. Cohen, of New York City, for appellant.
Louis J. Gold, of New York City, for respondent.

GUY, J. The plaintiff has recovered a judgment against the defendant for the sum of $56.50 and costs upon a claim for work, labor, and services. Plaintiff was the only witness sworn in his behalf. He testified that he made an agreement to do certain work for defendant for the sum of $95; that the contract was subsequently changed, but as to how, and in what manner, it was changed, his testimony is somewhat confusing. He said, however, in answer to a question put by his attorney: "Q. What did you do? A. I have it in the book"—but he did not offer the book in evidence. He then testified in general

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terms that the agreed price for all the work he did amounted to $136.50. He then said, "The whole thing was $137.50," and that he had been paid $61, leaving, according to his testimony "$76" due; the actual amount, if his testimony is true, being $76.50.

The defendant produced a written statement made by himself, in the presence of the plaintiff, who cannot write. This statement contained an itemized estimate, with the price attached, of all the plaintiff was to do, and amounted to the sum of $93.50, which the defendant testified was the agreed price for which plaintiff was to do the work. Both sides agreed that there had been a change made in the original contract in this respect, viz., that four bedrooms, of which plaintiff had agreed to remove the paper, and to paint each three coats,' were only to be papered,, and that the price was thereby reduced·by the sum of $12. It is also conceded that plaintiff did extra work, amounting to $17, consisting of two items, one of $14.50 and the other $2.50. Plaintiff gave no evidence to show that his original estimate had been changed, other than as above stated; and his general statement that his entire work came to the sum of $136.50 or $137.50 is too vague to base a finding in his favor of that sum, in the light of the written statement and the testimony of the defendant who testified that plaintiff's entire work amounted to but $110. From this should be deducted $12, occasioned by the change in the contract, and $61 paid to plaintiff, leaving due him but $37. Upon the claim as to whether or not the work was fully completed, there was a dispute which the court below evidently found in favor of the plaintiff, but there is no evidence to sustain a finding that there was $56.50 due plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event, unless plaintiff will stipulate in writing within five days after service of a copy of the order with notice of entry thereof to modify the judgment by reducing the same to $37, with appropriate costs, in which event the judgment, as modified, is affirmed, without costs of this appeal to either party. All concur.